(21 Misc. Rep. 166.)

## ROMEO v. GARAFOLO.

(Supreme Court, Special Term, New York County. August, 1897.)

1. SALES—WARRANTY.
Where there is a warranty in an executory contract of sale, the seller may retain the goods and recover on the warranty for defects in their quality.

2. ATTACHMENT—SUFFICIENCY OF AFFIDAVIT—DAMAGES.
An affidavit showing that plaintiff is entitled to nominal damages is not sufficient to authorize the issuance of an attachment in view of Code Civ. Proc. § 636, requiring the affidavit for attachment to show that plaintiff is entitled to recover a sum stated therein.

3. SAME—AMOUNT.
Plaintiff's averments that he notified defendant that the goods delivered by him under an executory contract of sale were defective, and that they were held for his benefit, and that plaintiff thereafter sold the goods for $379.55 less than the cash he had advanced to defendant, and that he was damaged in the sum of $1,772.55, will authorize an attachment for $379.55 only.

Attachment by Francesco Romeo against Alfonso Garafolo. Defendant moves to vacate the attachment. Modified.

E. Baldwin, for plaintiff.

Esek Cowen, for defendant.

RUSSELL, J. The motion to vacate the attachment against the property is based upon the want of a sufficient cause of action and a sufficient statement of facts showing the amount of the indebtedness, and is made upon the papers upon which the attachment was granted. The action is brought to recover damages upon an executory sale of paste by the defendant Garafolo, at Gragnano, Italy, to the plaintiff, Romeo, who does business in the city of New York. The place of delivery was at Naples, but the place of destination was New York City. The goods not complying with the written agreement as to quality, as the complaint avers, they were rejected, and the defendant notified that they were held for his benefit; but under an assumed right similar to that of a vendor in case of nonpayment of goods agreed to be sold and delivered the plaintiff caused the paste to be sold, and realized for the same upwards of $3,000, or sufficient to indemnify him for the drafts he had paid for the goods in anticipation of their receipt, except for the sum of $379.55. Upon the facts so stated it would seem that the cause of action was upon a rejection of goods agreed to be delivered upon an executory sale on which the title did not actually pass to the plaintiff; but his assumption of ownership and sale of the goods is inconsistent with that theory, and so his action could not stand after he had deliberately assumed ownership of the goods, having inspected them, and

ascertained the defects in their quality.    On the argument of this
motion, therefore, and in the brief submitted since, the counsel for
the plaintiff stands solely upon the warranty, and it is possible that
sufficient facts are averred to justify his giving proof upon such a
cause of action.    Where there is a warranty in an executory con-
tract of sale, it is clear that the vendee may retain the goods, and
rely upon the terms of the warranty.    Canning Co. v. Metzger, 118
N. Y. 260, 23 N. E. 372;  Kent v. Friedman, 101 N. Y. 616, 3 N. E. 905;
Day v. Pool, 52 N. Y. 416.    See, also, Bank v. Alberger, 78 N. Y.
258.    The affidavit and the complaint therefore made out a cause
of action for at least nominal damages.    But to justify the harsh
process of attachment something more is required.    The plaintiff
must show by affidavit that he is entitled to recover the sum stated
therein over and above all counterclaims known to him.    Code Civ.
Proc. § 636.    The reason of this is obvious.    The amount due should
be stated as near as may be with precision, so that a process which
seizes property before an adjudication of the right of recovery may
be used only to hold sufficient to satisfy the alleged claim and ex-
penses.    In the present case that rule has been ignored.    The affi-
davit and complaint both state a specific sum as due, but only by
the averment that the plaintiff has sustained damages to that
amount, without giving any facts from which such a conclusion could
be reached.    No statement is made as to what the paste was worth
either at the place of delivery or that of destination, or what it
would have been worth had it been as represented, or other elements
of proof averred by which a conclusion as to amount could be
reached, or at least the amount claimed in the affidavit and the
amount stated in the warrant of attachment.    For this reason the
attachment would, in my judgment, be fatally defective, as based up-
on insufficient proof, but for the detailed statement in the complaint,
made at a time when the plaintiff's attorney might have preferred
to base his cause of action upon an alleged rejection of the goods.
The complaint has specifically stated the amount of the payments
and the amount the goods realized for the plaintiff upon the sale
which he made, leaving the difference of $379.55.    As the sale to the
plaintiff, and presumably his sales also to others, were in the usual
course of business, the amounts realized may be some proof of the
value of the goods as agreed to be and as they actually were.    Upon
that proof there might be a recovery for the sum named, and the
question arises whether, upon facts showing a right of recovery to
that amount, the warrant of attachment can be sustained for such
a sum where it directs the sheriff to attach and safely keep sufficient
property to satisfy a demand of $1,772.55, with costs and expenses,
or whether the attachment should be entirely set aside.    I have
determined that the former course can be adopted, because the error
consisted, not in issuing an attachment at all, but in issuing one to
secure too large a sum.    The order will therefore be that the attach-
ment be amended and modified, substituting the smaller sum for the
larger one in the statement of the claim and of the amount which
the sheriff is required to provide for by the attachment.
 ᴵ Ordered accordingly.